(October 15, 2015)

■ AMERICAN CASUALTY COMPANY OF READING, P.A., et al., Appellants, v MORRIS GELB et al., Respondents. [18 NYS3d 30]—

Order, Supreme Court, New York County (Melvin L. Schweitzer, J.), entered June 23, 2014, which denied plaintiffs' motion for partial summary judgment on counts one through three of their amended complaint, which seek a declaration that the claims against defendants in an adversary proceeding in a bankruptcy action are not covered by the insurance policies issued by plaintiffs, and granted defendants' cross motion for the contrary declaration, to the extent of declaring that the Select Form's insured versus insured exclusion is controlling and does not bar coverage for the adversary proceeding, unanimously affirmed, without costs.

Defendants are former directors and officers of Lyondell Chemical Company who seek insurance coverage for their defense of an adversary proceeding commenced by the creditors committee in Lyondell's bankruptcy proceeding. The bankruptcy proceeding was commenced in 2009 by Lyondell, a

company with which it had merged in 2007, and about 90 of their subsidiaries. Before the merger was consummated, a shareholder brought a putative class action challenging the merger price and alleging that Lyondell's directors and officers had failed to get the best price possible for the company. Plaintiffs provided a defense for the directors and officers in that action, which eventually was dismissed (*Lyondell Chem. Co. v Ryan*, 970 A2d 235 [Del 2009]). For the purpose of prosecuting the adversary proceeding, the creditors committee's claims were assigned to a litigation trust, which alleged in its complaint that the merger price set by the directors resulted in a windfall to them, that the price was derived from misleading financial data, and that the financing arranged to consummate the merger was over-leveraged, leading to the bankruptcy.

Defendants seek coverage for the adversary proceeding under excess directors and officers liability policies issued by plaintiffs to Lyondell in various layers over the course of two separate policy periods running from 2006 to 2007 and from 2007 to 2013. This excess coverage was to follow form to Lyondell's primary coverage. The primary insurer provided a defense for the directors and officers in the adversary proceeding. However, after the primary policies were exhausted and the defense was tendered to plaintiffs, plaintiffs commenced this action for a declaration that they have no obligation to defend defendants in that proceeding.

Plaintiffs argue that both the merger litigation commenced in 2007 and the adversary proceeding commenced in July 2009 arose out of the merger transaction and therefore must be treated as a single, unified claim that came into existence when the merger litigation was commenced, and that since that claim came into existence during the 2006-2007 policy period, it is subject to the exclusion in the 2006-2007 policies for claims brought by or on behalf of Lyondell against any of its own directors or officers (the "insured versus insured" [IVI] exclusion). In April 2009, the IVI exclusion was narrowed, as announced by the primary insurer as part of its "Select Form," so that it no longer excluded claims brought or maintained by, inter alia, a bankruptcy creditors committee.

We reject plaintiffs' argument that the merger litigation and the adversary proceeding constitute one continuous claim. The two proceedings, while arising from the merger, are wholly different, with different parties, different allegations, and different causes of action. In essence, the merger litigation was premised on the allegation that the price per share set by Lyondell's directors and officers was too low, while the adver-

sary proceeding is premised on the allegation that the price was in a sense too high, supported by unsustainable revenue projections and requiring excessive leverage by Lyondell to finance and consummate the transaction. Thus, the adversary proceeding claim came into existence in July 2009, after the Select Form had been announced, and is not subject to the IVI exclusion.

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Gonzalez, P.J., Mazzarelli, Acosta and Kapnick, JJ.